UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH J. ANDERSON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-294-JD-AZ |
| RYAN ENGLISH, et al., | |
| Defendants. | |

OPINION AND ORDER

Keith J. Anderson, Jr., a prisoner without a lawyer, filed an amended complaint seeking injunctive relief because he believes he is in danger. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges that he has been targeted by the Vice Lord's gang and other gangs because he was a confidential informant in a murder case and because he is a homosexual. He was stabbed in November 2024. He was also attacked in his sleep twice, although he does not provide details about these attacks. He sought protective custody, and he was moved. The Vice Lord's learned Anderson's new location and sent

someone to attack him. A guard allegedly opened his cell door to facilitate this. He completed a protective custody form and was moved until it could be addressed. Unit Team Manager N. Angle denied his request for protective custody. He was returned to general population, and he was attacked again on December 25, 2024.

He is suing Team Manager Angle for failing to protect him by denying his request for protective custody. He is also suing Warden Brian English[1] and D.I.I. T. Heishman for failing to protect him because he wrote to them about his situation and neither intervened to help him.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the

---

[1] Anderson sued Warden Brian English as "Ryan English." The court uses the correct spelling of his first name in this order.

risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, it is unclear what information was included in the protective custody request that Team Manager Angel reviewed. Without additional details, it cannot be plausibly inferred that Team Manager Angel knew of a specific, credible, and imminent risk of serious harm when he denied the request. Similarly, Anderson provides almost no information about when he alerted Warden English or D.I.I. T. Heishman of his concerns or what information he provided to them. Without more, the court cannot permit Anderson to proceed against these defendants in their individual capacities. However, Anderson has raised serious concerns about his ongoing safety at the prison. Therefore, he will be permitted to proceed on a claim against Warden English in his official capacity for injunctive relief to obtain permanent injunctive relief to protect him from attacks by other inmates, as required by the Eighth Amendment. Furthermore, given the urgent nature of Anderson's concerns, the court construes the complaint as containing a request for a preliminary injunction. Warden English will be required to file a response explaining the steps he has taken to ensure Anderson's safety. The warden has both the authority and the responsibility to ensure that Anderson is protected from attacks by other inmates, as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Keith J. Anderson, Jr., leave to proceed against Warden Brian English in his official capacity to obtain permanent injunctive relief to protect him from attacks by other inmates, as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Unit Team Manager N. Angle and D.I.I. T. Heishman;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Brian English at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 4);

(5) DIRECTS the clerk to fax or email a copy of the same documents to Warden Brian English at the Miami Correctional Facility; and

(6) ORDERS Warden English to file and serve a response to the request for preliminary injunction contained in the complaint, as soon as possible but not later than **May 19, 2025** (with supporting documentation and declarations from other staff as necessary) describing the measures currently being used to ensure Anderson's safety;

(7) GRANTS Keith J. Anderson, Jr., until **June 6, 2025**, to file a reply to Warden English's response; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Brian English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2025

                                                s/JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT